UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

DAVID LAMARCA

    Plaintiff,

v.                                    CASE NO.:

CC & SEG, INC. d/b/a CARMINES
COAL FIRE PIZZA & CG BURGERS,
a Florida profit corporation

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID LAMARCA ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, CARMINES COAL FIRE PIZZA & CG BURGERS ("CCFP") ("Defendant") and states as follows:

### JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2.    The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3. At all times material hereto, Plaintiff was, and continues to be a resident of Palm Beach County, Florida.

4. At all times material hereto CCFP was a Florida profit corporation. Further, at all times material hereto, CCFP was engaged in business in Florida, with a principle place of business in Florida.

5. At all time material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA.

6. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

7. At all times material hereto, Defendant was an "employer" within the meaning of FLSA.

8. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

9. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

10. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

11. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

12. At all times hereto, Plaintiff was engaged in the "production of goods for

commerce" and subject to the individual coverage of the FLSA.

13. The additional persons who may become plaintiffs in this action are/were salary paid chefs of Defendant, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one-half times their regular rate for their hours worked in excess of forty (40) hours.

14. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

15. Defendant hired Plaintiff to work as a salary paid chef from approximately October 2009 through May 2010.

16. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

17. From at least October 2009 and continuing through May 2010, Defendant failed to compensate Plaintiff at rate of one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

18. Defendant has violated Title 29 U.S.C. §207 from at least October 2009 and continuing to date, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one-half times

    Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

  c. Defendant has failed to maintain proper time records as mandated by the FLSA.

19. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

20. Plaintiff realleges and reavers paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21. From at least October 2009 and until May 2010, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one-half times Plaintiff's regular rate of pay.

22. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

23. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

24. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

25. Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

26. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

27. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

28. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees for fewer hours than they actually worked.

29. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) or more hours in a work week, Defendant has failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant;

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime

        award;

d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.    Awarding Plaintiff pre-judgment interest; and

f.    Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this ___ day of September 2010.

Respectfully submitted,

MORGAN & MORGAN
6824 Griffin Road
Davie, Fl. 33314
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: kamritt@forthepeople.com

_____
Kelly Amritt
FL Bar No.: 0648779

6